**GUANG ZHONG LI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–0562–ag.

United States Court of Appeals, Second Circuit.

Aug. 17, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory A. White, U.S. Atty., Kent W. Penhallurick, Asst. U.S. Atty., Cleveland, OH, for Respondent.

Present: JON O. NEWMAN, GUIDO CALABRESI and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Guang Zhong Li, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Michael Strauss' denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews de novo questions of law. *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

While the IJ made findings with regard to Li's student democracy claim as well as his family-planning claim, Li challenges only the family-planning finding before this Court. Any challenges to the IJ's finding regarding the student democracy movement are thus considered waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Based on Li's testimony and submitted evidence, the IJ determined that Li failed to present objective evidence supporting his claim that he would be forcibly sterilized in the future based on the birth of his United States-citizen children. He noted that the Asylum Profile stated that the penalty for returning from abroad with more than one child was a fee. He also noted that John Aird's affidavit did not establish a reasonable possibility of forcible sterilization upon return to China on account of foreign-born children. This Court has required more specific evidence that U.S.-born children would be counted as Chinese citizens under the family plan-

ning policy. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006).

This Court has warned against over-reliance on State Department material that indicates that an individual in the applicant's general situation is not likely to be persecuted, and obligates the agency to consider all countervailing evidence and testimony presented by the applicant. *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). The IJ considered the State Department country materials in conjunction with the Aird affidavit as well as Li's testimony regarding his fear of future sterilization. He properly noted that the 2004 State Department Asylum Profile mentioned only a fine as punishment for foreign-born children. While the Aird affidavit contains information casting doubt on the State Department 1998 Asylum Profile's statement that China did not have a policy regarding foreign-born children, it does not address the 2004 Report. The IJ's conclusion that Li's fear of future persecution was unfounded is thus substantially supported by the record as a whole. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best").

Because Li was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Additionally, as there is no evidence in the record indicating that Li would likely be tortured upon return to China, the denial of relief under the CAT was also appropriate.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).